IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURA INSURANCE COMPANY,<br><br>                    Plaintiff,<br>v.<br><br>MYKOLA KRALKA, SABRINA SKWAREK,<br><br>                    Defendants | Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, SECURA INSURANCE COMPANY ("SECURA"), by its attorneys, BEST, VANDERLAAN & HARRINGTON, and for its Complaint for Declaratory Judgment against Defendants MYKOLA KRALKA and SABRINA SKWAREK, states as follows:

**NATURE OF THE ACTION**

1. In this Complaint, SECURA seeks a declaratory judgment confirming that it does not owe any potential coverage, duty to defend nor duty to indemnify MYKOLA KRALKA ("KRALKA") pursuant to a Commercial Protection Policy or a Commercial Umbrella Policy issued by it to its named insured, "Complete Cleaning Co Inc.", with respect to an underlying lawsuit captioned *Sabrina Skwarek v. Mykola Kralka, Complete Cleaning Co., Inc., Empire Cleaning Contractors, Inc., and PMD Cleaning, Inc.*, which is pending before the Circuit Court of Cook County, Illinois, as Case Number 2024 L 9356 ("the Underlying Suit").

**PARTIES**

2. Plaintiff, SECURA, is an insurance company organized under the laws of Wisconsin and with its principal place of business in Neenah, Wisconsin. Thus, SECURA is a citizen of Wisconsin.

1

3. Defendant KRALKA is a citizen of Illinois.

4. Defendant, SABRINA SKWAREK ("SKWAREK") is the underlying plaintiff and is included hereto as a potentially interested and thus necessary party, only, without any specific relief being sought by Plaintiff against her, other than to bind her to any declaratory judgment entered by the Court.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(a)(1), (b)(1)-(3), (c)(1)-(2), (d), because all parties are subject to the personal jurisdiction in this District, and because the insurance contract at issue was performed in this District.

## THE UNDERLYING ACTION

7. The Underlying Complaint, a true and correct copy of which is attached hereto at ECF 1-1, alleges that KRALKA surreptitiously hid a camera/recording device that looked like a smoke detector in a business that he gained access to in some capacity as an employee of one of the underlying defendants. *Id*.

8. It alleges that on or about August 24, 2023, Ms. SKWAREK attended an appointment at that business and that images of her were captured on the hidden camera without her knowledge or consent. *Id*.

9. The Underlying Complaint alleges four counts against KRALKA, with Count I being entitled Intrusion Upon Seclusion, Count II entitled Intentional Infliction of Emotional Distress, Count III entitled Public Disclosure of Private Facts, and Count IV being entitled

2

Negligence but simply reasserting the same intentional conduct alleged in the other claims and general allegations of the Underlying Complaint. *Id*.

10. The Underlying Complaint alleges that KRALKA violated criminal statute 720 ILCS 5/26-4. *Id*.

11. It alleges that KRALKA intentionally and without authority intruded into Ms. SKWAREK's seclusion; intentionally and without authority filmed and/or photographed Ms. SKWAREK in a state of undress; retained nude photographs and films of Ms. SKWAREK without her permission and authority and caused the same to be disseminated and viewed by numerous individuals. *Id*.

12. Count II of the Underlying Complaint alleges that KRALKA's conduct was intentional, as well as severe, extreme and outrageous. *Id*.

13. Count III alleges that KRALKA knowingly allowed the distribution of the explicit images and videos of Ms. SKWAREK. *Id*.

14. In addition, SECURA's investigation into the allegations revealed that KRALKA was charged criminally in a complaint alleging that KRALKA "knowingly made a video record of another person's intimate parts."

## THE SECURA POLICIES

15. SECURA issued Commercial Protection policy number CP-3162090 ("General Liability Policy") to Complete Cleaning Company, Inc. as named insured, with effective dates of May 11, 2023, to May 11, 2024. A copy of the SECURA General Liability Policy is attached in ECF No. 1-2.

16. SECURA also issued Commercial Umbrella Policy number CU-3162090

3

(the "Umbrella Policy") to the same named insured for the same policy period. A copy of the SECURA Umbrella Policy is attached in ECF No. 1-3.

17. The CGL Policy contains the following potentially relevant provisions:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

…

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** — Who is an Insured.

…

**SECTION I— COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** — Limits Of Insurance; and
      **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

…

   b. This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

…

2. **Exclusions**

   This insurance does not apply to:

   a. **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

   **b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

      **(1)** That the insured would have in the absence of the contract or agreement; or

   **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

      **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

      **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

…

   **o. Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

…

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply...

…

   **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2. Exclusions**

This insurance does not apply to:

   **a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

…

**d.    Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

…

**f.    Breach of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement."

…

**SECTION V – DEFINITIONS**

…

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

…

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
    a. False arrest, detention or imprisonment;
    b. Malicious prosecution;
    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
    f. The use of another's advertising idea in your "advertisement"; or
    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

…

## AMENDMENT OF INSURED CONTRACT DEFINITION

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Paragraph **9.** of the **Definitions** Section is replaced by the following:

6

9. "Insured contract" means:
   …

   **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

…

<b>GENERAL LIABILITY AMENDATORY</b>

This endorsement modifies insurance provided under the following:
   COMMERCIAL GENERAL LIABILITY COVERAGE FORM
…

**D.** The definition of "insured contract" as used in the Commercial General Liability Coverage Part is modified by adding the following:

However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law.

…

<b>GENERAL LIABILITY WRAP</b>

This endorsement modifies insurance provided under the following:
   COMMERCIAL GENERAL LIABILITY COVERAGE FORM
…

**C. PERSONAL AND ADVERTISING INJURY – BROAD FORM**

1. SECTION I – COVERAGES; COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY; 2. Exclusions; e. Contractual Liability on the COMMERCIAL GENERAL LIABILITY COVERAGE FORM is deleted.

2. The following is added as item h. to SECTION V - DEFINITIONS; 14. "Personal and Advertising Injury" on the COMMERCIAL GENERAL LIABILITY COVERAGE FORM:

   **h.** Discrimination or humiliation (unless insurance thereof is prohibited by law) that results in injury to the reputation of a natural person, but only if such discrimination or humiliation is:

   **(1)** Not done intentionally by or at the direction of:
   **(a)** You; or
   **(b)** Any of your officers, directors, stockholders, partners, managers, or members.
   **(2)** Not directly or indirectly related to the employment, prospective employment or termination of employment of any person or persons by any insured.

…

**J. BODILY INJURY REDEFINED**

7

> SECTION V - DEFINITIONS; 3. "Bodily injury" on the COMMERCIAL GENERAL LIABLITY COVERAGE FORM is deleted and replaced with the following:
>
> 3. "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including mental anguish, mental injury, shock, fright or death resulting from any of these at any time.
>
> …

**ILLINOIS PUNITIVE DAMAGES EXCLUSION**

This Endorsement modifies insurance provided under the following:
…
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
…

With respect to coverage provided by this Endorsement, the provisions of the Coverage Part apply unless modified by the Endorsement.

> The following Exclusion is added:
>
> **Punitive Damages**
>
> This insurance does not apply to liability for punitive or exemplary damages awarded against an insured, except that if a suit is brought against the insured with respect to a claim for acts or alleged acts falling within the coverage hereof, seeking both compensatory and punitive or exemplary damages, then we will provide a defense without liability for such punitive or exemplary damages.

…

**ILLINOIS CHANGES - DEFENSE COSTS**

This endorsement modifies insurance provided under the following:
…
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
…

> **A.** The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend under:
>
> 1. Section I of the Commercial General Liability, Commercial Liability Umbrella, Employment-related Practices Liability, Farm, Liquor Liability, Owners And Contractors Protective Liability, Pollution Liability, Products/Completed Operations Liability, Product Withdrawal, Medical Professional Liability, Railroad Protective Liability, Underground Storage Tank Coverage Parts, Auto Dealers Coverage Form and the Farm Umbrella Liability Policy;
>
>    …
>
> Paragraph **B.** also applies to any other provision in the policy that sets forth a duty to defend.
>
> **B.** If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred.

> The right to reimbursement for the defense costs under this provision will only apply to defense costs we have incurred after we notify you in writing that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.
> …

> **TWO OR MORE COVERAGE FORMS OR POLICIES ISSUED BY US**
> **A Single Limit Applies**

> This Endorsement modifies insurance provided under the following:
>     COMMERCIAL GENERAL LIABILITY COVERAGE PART
>     …
>
> With respect to coverage provided by this Endorsement, the provisions of the Coverage Form apply unless modified by the Endorsement.
>
> The following Condition is added:
>
>> **Coordinated Liability Condition**
>> We, or any company affiliated with us, may issue two or more insurance policies for you or any company affiliated with you. These policies may provide coverage for:
>>
>> **a.** Claims or "suit" arising from the same continuous, repeated or related set of factual circumstances; or
>> **b.** Persons or organizations covered in those policies that are jointly and severally liable.
>>
>> The various forms, coverage parts or policies issued to you, or any company affiliated with you by us, or any company affiliated with us, do not provide any duplication or overlap of coverage for the same claim or "suit". If any form, coverage part or policy issued to you, or any company affiliated with you by us, or any company affiliated with us, apply to the same loss, claim, accident, "occurrence", offense, wrongful act, abusive conduct, incident, event, upset or similar happening; whether defined in similar manner or not in each policy, **the maximum Limit of Insurance under all such forms, coverage parts or policies combined shall not exceed the highest single Limit of Insurance under any applicable coverage part or policy.**
>>
>> This condition does not apply to any Excess or Umbrella Policy issued by us specifically to apply as excess insurance over this policy.
> …

> **RECORDING AND DISTRIBUTION OF MATERIAL OR INFORMATION IN VIOLATION OF LAW EXCLUSION**

> This endorsement modifies insurance provided under the following:
>
>     COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **A.** Exclusion **q.** of Paragraph **2. Exclusions** of Section **I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:
>
>> **2. Exclusions**
>>
>> This insurance does not apply to:

    **q.**    **Recording And Distribution Of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

…

    **(4)**    Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

**B.**    Exclusion **p.** of Paragraph **2. Exclusions** of Section **I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

    **2.**    **Exclusions**

This insurance does not apply to:

    **p.**    **Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

…

    **(4)**    Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

…

**GENERAL LIABILITY AMENDATORY**

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART

With respect to coverage provided by this Endorsement, the provisions of the Coverage Part apply unless modified by this Endorsement.

**A.**    COMMERCIAL GENERAL LIABILITY COVERAGE FORM is amended as follows:

    **1. SECTION 1 – COVERAGES**

    **a.**    **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY CHANGES**

…

**(2)** Additional Exclusions

SECTION I – COVERAGES; COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY; 2. Exclusions is modified by adding the following:

**Access Or Disclosure Of Confidential Or Personal Information**

Damages arising out of any access to or disclosure of any person's or organization's confidential or personal information, including, but not limited to, patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

**b. COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY EXCLUSION CHANGES**

…

**(2)** Additional Exclusions

SECTION 1 – COVERAGES; COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY; 2. Exclusions is modified by adding the following:

**Access Or Disclosure Of Confidential Or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including, but not limited to, patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

*See* ECF No. 1-2.

18. Meanwhile, the Umbrella Policy includes the following relevant provisions:

**COMMERCIAL GENERAL LIABILITY UMBRELLA COVERAGE FORM**

…

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** — Who is an Insured.

…

**SECTION I— COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a.  We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

    …

    b.  This insurance applies to "bodily injury" or "property damage" that is subject to an applicable "retained limit". If any other limit, such as a sublimit, is specified in the "underlying insurance", this insurance does not apply to "bodily injury" or "property damage" arising out of that exposure unless that limit is specified in the Declarations under the Schedule of "underlying insurance".

    c.  This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period; and

    …

2. **Exclusions**

    This insurance does not apply to:

    a.  **Expected or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    b.  **Contractual Liability**

    "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

        (1) That the insured would have in the absence of the contract or agreement; or
        (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an

insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

…

**r.     Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

…

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.    Insuring Agreement**

**a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply…

…

**b.** This insurance applies to "personal and advertising injury" that is subject to an applicable "retained limit". If any other limit, such as a sublimit, is specified in the "underlying insurance", this insurance does not apply to "personal and advertising injury" arising out of that exposure unless that limit is specified in the Declarations under the Schedule of "underlying insurance".

**c.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

…

**2. Exclusions**

This insurance does not apply to:

**a.** "Personal and advertising injury":

**(1)    Knowing Violation Of Rights Of Another**

13

Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

### (4) Criminal Acts

Arising out of a criminal act committed by or at the direction of the insured.

### (5) Contractual Liability

For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to:

**(a)** Liability for damages that the insured would have in the absence of the contract or agreement;
**(b)** Liability for false arrest, detention or imprisonment assumed in a contract or agreement.

### (6) Breach of Contract

Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement."

…

## SECTION V – DEFINITIONS
…

3. "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

...

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
    a. False arrest, detention or imprisonment;
    b. Malicious prosecution;
    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
    f. The use of another's advertising idea in your "advertisement"; or
    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

…

**COMMERCIAL UMBRELLA LIABILITY AMENDATORY**

This endorsement modifies insurance provided under the following:
COMMERCIAL UMBRELLA LIABILITY COVERAGE PART
…

**E.    SECTION V – DEFINITION CHANGES**

   The following is added to the "personal and advertising injury" definition:

   **h.**  Discrimination or humiliation (unless insurance thereof is prohibited by law) that results in injury to the reputation of a natural person, but only if such discrimination or humiliation is:

   **(1)**  Not done intentionally by or at the direction of:
   **(a)**  You; or
   **(b)**  Any of your officers, directors, stockholders, partners, managers, or members.

   **(2)**  Not directly or indirectly related to the employment, prospective employment or termination of employment of any person or persons by any insured.

   This Definition change does not apply unless coverage is provided by "underlying insurance". Coverage provided by this endorsement will not be broader than such "underlying insurance".
…

## AMENDMENT OF INSURED CONTRACT DEFINITION

This endorsement modifies insurance provided under the following:
   COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

Paragraph **9.** of the **Definitions** Section is replaced by the following:

**9.**  "Insured contract" means:
   …

   **g.**  That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
…

## ILLINOIS PUNITIVE DAMAGES EXCLUSION

This Endorsement modifies insurance provided under the following:
…
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
…

With respect to coverage provided by this Endorsement, the provisions of the Coverage Part apply unless modified by the Endorsement.

   The following Exclusion is added:

15

**Punitive Damages**

This insurance does not apply to liability for punitive or exemplary damages awarded against an insured, except that if a suit is brought against the insured with respect to a claim for acts or alleged acts falling within the coverage hereof, seeking both compensatory and punitive or exemplary damages, then we will provide a defense without liability for such punitive or exemplary damages.

…

**ILLINOIS CHANGES - DEFENSE COSTS**

This endorsement modifies insurance provided under the following:
…
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
…

**A.** The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend under:

  **1.** Section I of the Commercial General Liability, Commercial Liability Umbrella, Employment-related Practices Liability, Farm, Liquor Liability, Owners And Contractors Protective Liability, Pollution Liability, Products/Completed Operations Liability, Product Withdrawal, Medical Professional Liability, Railroad Protective Liability, Underground Storage Tank Coverage Parts, Auto Dealers Coverage Form and the Farm Umbrella Liability Policy;
  …

Paragraph **B.** also applies to any other provision in the policy that sets forth a duty to defend.

**B.** If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement for the defense costs under this provision will only apply to defense costs we have incurred after we notify you in writing that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.
…

*See* ECF No. 1-3.

**COUNT I – Declaratory Relief**

**SECURA DOES NOT OWE A DUTY TO DEFEND OR INDEMNIFY KRALKA FOR THE ALLEGATIONS OF THE UNDERLYING COMPLAINT UNDER THE POLICIES**

19. The allegations made in paragraphs 1-18 above are hereby incorporated as paragraph 19 of Count I as though fully set forth herein.

20. SECURA owes no potential duty to defend nor duty to indemnify KRALKA with respect to the Underlying Complaint and Lawsuit for a number of reasons.

21. First, KRALKA does not qualify as an insured under the SECURA Policies, as he was not an employee of SECURA's insured(s), nor performing duties related to the conduct of SECURA's insured(s)' business.

22. Second, without waiving the above argument that KRALKA is not an insured, the SECURA CGL Policy affords coverage subject to the terms, conditions, limitations and exclusions set forth in the Policy. See ECF No. 1-2.

23. The allegations of the Underlying Complaint fail to allege any "bodily injury", "property damage", or any "occurrence", as those terms are defined in the SECURA policies.

24. Additionally, the SECURA CGL Policy excludes coverage for "bodily injury" or "property damage" which is "expected or intended from the standpoint of the insured". *Id.* Based on the allegations of the Underlying Complaint, to the extent that any "bodily injury" or "property damage" caused by an "occurrence" is potentially alleged against KRALKA, which is denied and will continue to be denied, then it is clear that it was expected or intended from KRALKA's standpoint and thus, this exclusion applies to preclude any coverage and any duty to defend or indemnify KRALKA.

25. Further, the allegations of the Underlying Complaint fail to allege any "personal and advertising injury" to the extent that there was not any publication of any recorded images allegedly obtained by KRALKA of Ms. SKWAREK.

26. Additionally, the Policies exclude coverage for "personal and advertising injury" that is "caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'." Should the Court

determine that any potential "personal and advertising injury" is alleged or established, which is denied and will continue to be denied, then this exclusion would clearly apply to preclude coverage for KRALKA as the Underlying Complaint alleges that he knowingly committed the surreptitious recording of Ms. SWKAREK.

27. Additionally, the Policies exclude coverage for "personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured. Mr. KRALKA has been criminally charged for the alleged conduct at issue in the Underlying Complaint, and the Criminal Acts exclusion applies to preclude any coverage for KRALKA.

28. Furthermore, the Policy exclusion for Recording and Distribution of Material or Information in Violation of Law apply because the Underlying Complaint alleges a violation of 720 ILCS 5/26-4(a-10), which renders it unlawful for a person to knowingly make a video record or transmit live video of another person's intimate parts for the purpose of viewing the body of or the undergarments worn by that other person without that person's consent, and in that regard, the liability sought against KRALKA arises directly or indirectly out of an action or omission that violates or is alleged to violate a state statute that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting communicating or distribution of material or information. As such, the exclusion applies to preclude any coverage.

29. In addition, the Policy exclusion for Access or Disclosure of Confidential or Personal Information, which excludes coverage for "personal and advertising injury" arising out of any access to or disclosure of any person's confidential or personal information, applies to preclude coverage because the alleged conduct alleged against KRALKA in the Underlying Complaint arises out of the alleged access KRALKA surreptitiously obtained to Ms.

18

SKWAREK's personal images and information, and thus, this exclusion would apply to preclude coverage.

30. With respect to the SECURA Umbrella Policy, the Umbrella Policy contains similar or identical definitions, coverage provisions and exclusions as set forth with respect to the CGL Policy, and thus, the same reasons apply to preclude any coverage under the SECURA Umbrella Policy.

31. Moreover, the Umbrella Policy only provides coverage for "ultimate net loss" in excess of the "retained limit" subject to the other provisions, conditions, and exclusions set forth and discussed herein. The Umbrella Policy defines "retained limit" to mean the available limits of "underlying insurance", and at this time, the available limits of the "underlying insurance" have not been exhausted.

32. As such, no potential coverage, nor duty to defend or indemnify, is potentially owed pursuant to the SECURA Umbrella Policy.

For the reasons set forth above, SECURA INSURANCE COMPANY, , asks this Court to enter a declaratory judgment for SECURA and against Defendants, declaring that the Commercial Policy's General Liability Coverage and the Umbrella Policy do not afford any coverage to KRALKA with respect to the Underlying Complaint and Underlying Lawsuit filed against KRALKA by Ms. SWKAREK, and that SECURA does not owe any duty to defend or duty to indemnify KRALKA in connection with the same, and is not obligated to pay, indemnify or reimburse KRALKA for any expenses, attorneys' fees, costs, settlements, judgments, or any other costs related to SKWAREK's Lawsuit.

Best, Vanderlaan & Harrington

By: _____

                Thomas J. Costello III #35190-45
                25 E. Washington, Suite 800
                Chicago, IL 60602
                312-819-1100
                Fax 312-819-8062
                tcostello@bestfirm.com
                *Counsel for Plaintiff, SECURA Insurance*